IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT MINOR :
    Petitioner, :
:
        v. : CIVIL ACTION NO. 19-1655
:
COMMONWEALTH OF PENNSYLVANIA, :
et al., :
    Respondents. :

## ORDER

**AND NOW** this 26th day of November, 2019, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice and review of Petitioner's objections thereto, it is hereby **ORDERED** as follows:

1. I decline to adopt the Report and Recommendation[1];

2. The petition for writ of habeas corpus is **DENIED** with prejudice for the reasons set forth below;

3. There is no probable cause to issue a certificate of appealability; and

---

[1] In his Report and Recommendation dated September 18, 2019, the Honorable Timothy R. Rice recommended denying Petitioner's habeas petition as untimely. In this Report and Recommendation, Judge Rice correctly set forth Petitioner's factual and procedural history, and correctly determined that Petitioner is not entitled to an alternative start date of the limitations period, correctly determined that Petitioner is not entitled to equitable tolling and correctly found that Petitioner is not entitled to application of the fundamental miscarriage of justice exception. (*See* R&R, sections I, III and IV.) I agree with Judge Rice's analysis and findings on those three issues. However, in his analysis of statutory tolling contained in Section II, there is an error in calculating the number of days that Petitioner had left after the Pennsylvania Superior Court affirmed the trial court's denial of his PCRA petition in which to file his federal habeas petition. Therefore, for the sake of clarity, I will address statutory tolling.

A properly filed PCRA petition tolls the federal limitations period. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 415-417 (2005). Petitioner filed his PCRA petition on December 17, 2014, 232 days after his judgment became final. His federal limitations period was statutorily tolled from that date until May 20, 2018, thirty (30) days after the Pennsylvania Superior Court affirmed the trial court's denial of his PCRA petition. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (post-conviction review ends when the state courts have finally resolved application for post-conviction relief). Petitioner then had 133 days, or until September 30, 2018, to file his federal petition. Because Petitioner filed his federal habeas petition over six months later, on April 17, 2019, it is untimely despite the statutory tolling for his PCRA petition.

Accordingly, Petitioner's petition for writ of habeas corpus is untimely and should be denied with prejudice.

3. The Clerk of Court shall **CLOSE** this case.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
JEFFREY L. SCHMEHL, J.